IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 15-cv-3065 |
| WAL-MART STORES, INC. | ) ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, a certain civil action designated as No. 15-L-19, in which Annette Franklin is plaintiff and Wal-Mart Stores, Inc. ("Wal-Mart") is defendant.

2. Venue lies in the United States District Court for the Central District of Illinois in the Springfield Division pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Sangamon County, Illinois which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Diversity of citizenship exists between plaintiff and Wal-Mart as required by 28 U.S.C. § 1332(a).

5.  Plaintiff Annette Franklin is now and was at the commencement of this action a citizen of the State of Indiana.

6.  Defendant Wal-Mart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Wal-Mart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8.  This action involves a claim for pharmacy malpractice, battery and fraud with alleged damages in excess of $50,000. (*See* Complaint and affidavit of damages executed by plaintiff). Plaintiff alleged that defendant's alleged negligent acts or omissions directly and proximately caused plaintiff to "suffer permanent injury and damage to her health" and incur past and future monetary expenses. (Complaint, ¶ 14).

9.  Prior to filing suit, plaintiff's counsel advised defendant's claims management representative that defendant's alleged acts or omissions caused plaintiff's adrenal gland to malfunction, caused uterine fibroid tumors that required surgery, and caused shoulder injuries for which plaintiff obtained surgery. (*See* redacted claim note dated January 19, 2015 and attached as Exhibit "A"). Counsel for plaintiff further advised that plaintiff continues to treat for injuries allegedly caused by defendant's act or omission more than two years ago.

10. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill.

2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the court held that:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all.").

11. Based on plaintiff's affirmation that damages in this case exceed $50,000, plaintiff's claim of permanent damages that caused her to incur past and future monetary damages, counsel for plaintiffs assertion that plaintiff sustained serious injuries, including adrenal gland malfunction, uterine fibroid tumors and a resulting surgery, and shoulder injuries and a resulting surgery, and that plaintiff continues to treat for injuries more than two years after the alleged incident, a preponderance of the evidence to date establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## TIMELINESS

12.    Plaintiff filed the Complaint on January 27, 2015 and provided defendant's claims management representative with a courtesy copy of the Complaint on or after February 5, 2015.

13.    This notice of removal was filed within thirty days after receipt by defendant of the initial pleading pursuant to 28 U.S.C. § 1446(b).

## NOTICE REQUIREMENTS

14.    Written notice of the filing of this removal was given to plaintiffs pursuant to 28 U.S.C. § 1446(d).

15.    A copy of this notice of removal was filed with the Seventh Judicial Circuit, Sangamon County, Illinois as required by 28 U.S.C. §1446(d).

16.    A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Wal-Mart Stores, Inc., removes this case to the United States District Court for the Central District of Illinois and hereby request that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANTS DEMAND TRIAL BY JURY.**

DeFRANCO & BRADLEY, P.C.

By s/Darrell J. Flesner
    James E. DeFranco, #6181134
    Darrell J. Flesner, #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-cv-3065 |
| | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT**

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

Darrell J. Flesner, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
DARRELL J. FLESNER

SUBSCRIBED AND SWORN TO before me this  3rd  day of  March , 2015.


_____
NOTARY PUBLIC

Official Seal
Connie S Slaton
Notary Public State of Illinois
My Commission Expires 07/15/2018

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 15-cv-3065 |
| WAL-MART STORES, INC. | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

Darrell J. Flesner, after being duly sworn upon his oath, deposes and states that he is an attorney for defendants in the above-entitled cause; that on the __3rd__ day of __March__, 2015, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the __3rd__ day of __March__, 2015, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Seventh Judicial Circuit Court, Sangamon County Courthouse, Illinois.

_____
DARRELL J. FLESNER

SUBSCRIBED AND SWORN TO before me this __3rd__ day of __March__, 2015.

_____
NOTARY PUBLIC

Official Seal
Connie S Slaton
Notary Public State of Illinois
My Commission Expires 07/15/2018