STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY

JAN 27 2015    CIV-1

Clerk of the Circuit Court

| | |
|---|---|
| ANNETTE FRANKLIN ) | |
| ) | |
| Plaintiff, ) | 2015L    00019 |
| ) | |
| v. ) | Cause No. |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANNETTE FRANKLIN, by counsel, for her cause of action against the Defendant, WAL-MART STORES, INC., states as follows:

#### I.    *Factual Allegations*

1. Defendant, WAL-MART STORES, INC., is a Delaware corporation authorized to do business in the State of Illinois, with a registered agent in Chicago, Illinois, and has an assumed business name of WALMART PHARMACY.

2. At all times relevant hereto, Defendant held itself out as a corporation properly equipped and staffed to offer the general public pharmacy services to persons such as Plaintiff, ANNETTE FRANKLIN.

3. At all times relevant hereto, Defendant's pharmacists, technicians, assistants, and related personnel held themselves out to the public as pharmacists, technicians, assistants, and related personnel, reasonably skilled in the practice of pharmacy and pharmacology.

4. On January 28, 2013, Valerie Koch was a pharmacist and was an employee, agent, and servant of Defendant and under its direction and control.

5. On January 28, 2013, Plaintiff went to Defendant's pharmacy to obtain a refill of her prescription for 5 mg tablets of Hydrocort.

6. Defendant dispensed Plaintiff 20 mg tablets of Hydrocort instead of the prescribed 5 mg Hydrocort tablets.

7. As a result, Plaintiff began taking a significantly increased dosage of Hydrocort each day.

8. Shortly after Defendant misfilled Plaintiff's prescription, Plaintiff began to experience various abnormal health issues, including but not limited to, insomnia, higher than normal energy levels, extreme muscle gain, headaches, extreme thirst, heart palpitations, cravings for salty food, and low bladder capacity.

9. On or about February 18, 2013, Plaintiff returned to Defendant's pharmacy to refill another prescription.

10. During this trip to Defendant's pharmacy, Plaintiff notified Defendant's pharmacist of the various health issues she had been experiencing since the last refill of her Hydrocort, and noted to Defendant's pharmacist that the new tablets looked larger than usual.

11. Defendant's pharmacist responded that Plaintiff was taking the correct dosage of Hydrocort, but that the pills looked larger because they were produced by a different manufacturer than her prior smaller pills.

12. Defendant's pharmacist assured Plaintiff that she was taking her prescribed dosage, but provided Plaintiff with her "old" smaller Hydrocort pills.

13. Not long after Plaintiff began taking the smaller Hydrocort pills, while occasionally taking a larger pill when convenient, Plaintiff began to experience another bout of health issues, including but not limited to, extreme dizziness, nausea, depression, anxiety, body aches, diarrhea, abdonminal pains, and extreme shakiness, all while her sleep and energy levels varied widely each day.

14. As a direct and proximate result of Defendant's negligent acts or omissions, Plaintiff has suffered permeant injury and damage to her health, and has incurred in the past and will incur in the future significant monetary expenses.

## Count I: Negligence

15. Plaintiff incorporates the facts contained in paragraphs 1 through 14 into this Count I of her complaint.

16. On January 28, 2013 and on February 18, 2013, Defendant WAL-MART STORES, INC., through its employees, agents, and servants, did breach its duty to Plaintiff, ANNETTE FRANKLIN, through one or more of the following negligent acts and or omissions.

   a. Dispensed 20 mg tablets of Hydrocort to Plaintiff;
   b. Failed to establish policies and procedures which permitted 20 mg tablets of Hydrocort to be dispensed to Plaintiff;
   c. Failed to notify Plaintiff and/or her physician that it had dispensed Plaintiff 20 mg tablets of Hydrocort.
   d. Dispensed Plaintiff 5 mg Hydrocort tablets after dispensing and causing Plaintiff to take 20 mg tablets of Hydrocort for around 3 weeks.
   e. Failing to notify Plaintiff of the health risks involved in suddenly increasing and suddenly decreasing her intake of Hydrocort.

17. The care and treatment rendered to Plaintiff by Defendant did not meet the standard of care which could reasonably have been expected for a patient such as Plaintiff.

18. That the foregoing acts or omissions directly or proximately caused Plaintiff temporary and permanent damage to her health as well as causing her to incur in the past as well as in the future significant monetary damages and expenses.

WHEREFORE, Plaintiff, ANNETTE FRANKLIN prays for a judgment against Defendant, WALMART in an amount in excess of $50,000.00, which shall adequately compensate Plaintiff for the losses and damages sustained, plus the cost of this law suit.

### Count II: Battery

19. Plaintiff incorporates the facts contained in paragraphs 1 through 14 into this Count II of her complaint.

20. On February 18, 2013, Defendant WAL-MART STORES, INC., knew or must have been aware that dispensing Plaintiff, ANNETTE FRANKLIN, 5 mg tablets of Hydrocort after she had been taking 20 mg tablets of Hydrocort would cause or was likely to cause harm to Plaintiff.

21. That by informing Plaintiff that the 20 mg tablets of Hydrocort were 5 mg tablets of Hydrocort, Defendant caused harmful or offensive contact to Plaintiff's person in that Plaintiff relied on Defendant's statement and continued to take 20 mg tablets of Hydrocort while also taking the 5 mg Hydrocort tablets.

22. That by instructing Plaintiff to take the 5 mg Hydrocort tablets it dispensed to Plaintiff on February 18, 2013, Defendant caused harmful or offensive contact to Plaintiff's person in that Plaintiff followed Defendant's instructions and took the 5 mg Hydrocort tablets as instructed.

23. The foregoing caused permanent damage to Plaintiff's person and caused her to incur and will continue to cause her to incur significant monetary damages.

WHEREFORE, Plaintiff, ANNETTE FRANKLIN, prays for a judgment against Defendant, WAL-MART STORES, INC. in an amount in excess of $50,000.00, which will adequately compensate Plaintiff for the losses and damages sustained, plus the cost of this lawsuit.

### Count III: Fraud

24. Plaintiff incorporates the facts contained in paragraphs 1 through 14 of this Count III of her complaint.

25. On February 18, 2013, Defendant WAL-MART STORES, INC. made statements of material fact by informing Plaintiff that the 20 mg Hydrocort tablets and the 5 mg Hydrocort tablets it dispensed to Plaintiff were the same dosage, knowing that such a statement was untrue.

26. Plaintiff was justified in relying on Defendant's statements in that Defendant is a pharmacy and holds itself out as being properly equipped and staffed to offer the general public pharmacy services, and Defendant's pharmacists, technicians, assistants and related personnel held themselves out as reasonably skilled in the practice of pharmacy and pharmacology.

27. That Defendant made the forgoing statements for the purpose of inducing Plaintiff to rely upon them so that Plaintiff would not become aware of Defendant's previous misfill of her Hydrocort prescription on January 28, 2013.

28. That by relying on Defendant's statements, Plaintiff incurred permanent damages to her person and caused her to incur past as well as future monetary damages.

WHEREFORE Plaintiff, ANNETTE FRANKLIN, prays for a judgment against Defendant, WAL-MART STORES, INC. in an amount in excess of $50,000.00, which will adequately compensate Plaintiff for the losses and damages sustained, plus the cost of this lawsuit.

## II.     Prayer for Relief

WHEREFORE Plaintiff, ANNETTE FRANKLIN, prays for a judgment against Defendant, WAL-MART STORES, INC. in an amount in excess of $50,000.00, which will adequately compensate Plaintiff for the losses and damages sustained, plus the cost of this lawsuit, and any other equitable relief the Court deems just and proper.

## Demand for Jury Trial

Plaintiff, ANNETTE FRANKLIN, by counsel, demands trial by a 12 person jury for all issues in this case.

Respectfully submitted,

/s/ Edward T. Graham Jr.
Edward T. Graham Jr.
BEAVERS, GRAHAM & CALVERT
221 West Main Cross Street
Taylorville, IL 62568
Telephone (217) 498-3126
Fax: (217) 824-3842
Attorney for Plaintiff

/s/ David W. Sullivan
David W. Sullivan, #6316435
COX, ZWERNER, GAMBAILL & SULLIVAN
511 Wabash Ave.
Terre Haute, IN 47807
Telephone (812) 232-6003
Fax: (812) 232-6567
dsullivan@coxlaw.net
Attorney for Plaintiff

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY

| | |
|---|---|
| ANNETTE FRANKLIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC. )<br>)<br>Defendant. ) | Cause No. 2015L 00019<br><br>FILED<br>JAN 27 2015  CIV-1<br>Clerk of the Circuit Court |

### HEALING ARTS MALPRACTICE AFFIDAVIT

COMES NOW the Affiant, David W. Sullivan, being duly sworn upon his oath, and states as follows:

1. I am the Plaintiff's attorney in the above-captioned cause of action.

2. I was unable to obtain a consultation required by 735 ILCS 5/2-622(a)(1) because a statute of limitations would impair the above-captioned action, and the consultation required could not be obtained before the expiration of the statute of limitations.

_____
David W. Sullivan

Signed and sworn before me this
January 26, 2015

_____
Notary Public
Charles H. Ray
My commission expires 6/19/2019
State of Indiana
County of Vigo

1

David W. Sullivan
ARDC #6316435
COX, ZWERNER, GAMBILL & SULLIVAN
Attorney for Plaintiff
511 Wabash Ave.
Terre Haute, IN 47807
(812) 232-6003

2

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY

FILED
JAN 27 2015   CIV.-1
Clerk of the Circuit Court

ANNETTE FRANKLIN )
)
Plaintiff, )
)
v. )   Cause No. 2015L 00019
)
WAL-MART STORES, INC. )
)
Defendant. )

### AFFIDAVIT OF DAMAGES

COMES NOW the Affiant, Annette Franklin, being duly sworn upon her oath, and states that she is the Plaintiff in the above-captioned cause of action and is seeking money damages in excess of $50,000.00.

_____
Annette Franklin

Signed and sworn before me this

Jan 22, 2015

_____
Notary Public
DAVID W. SULLIVAN
MY COMMISSION EXPIRES 10/3/15
STATE OF INDIANA
COUNTY OF VIGO

David W. Sullivan
ARDC #6316435
COX, ZWERNER, GAMBILL & SULLIVAN
Attorney for Plaintiff
511 Wabash Ave.
Terre Haute, IN 47807
(812) 232-6003

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY

FILED
JAN 27 2015   CIV.-1
Clerk of the Circuit Court

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 2015L 00019 |
| WAL-MART STORES, INC. | ) |
| Defendant. | ) |

### APPEARANCE OF COUNSEL

TO: The clerk of court and all parties of record

I hereby enter my appearance on behalf of Plaintiff, ANNETTE FRANKLIN, as counsel of record in the above-captioned matter.

Respectfully submitted,

Date: 1/26/2015

COX, ZWERNER, GAMBILL & SULLIVAN
511 Wabash Avenue
Terre Haute, IN 47807
Phone: (812) 232-6003
Fax:    (812) 232-6567

By: _____
David W. Sullivan #6316435
dsullivan@coxlaw.net
Attorney for Plaintiff.

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY

ANNETTE FRANKLIN )
    Plaintiff, )
 )
v. )   Cause No. 2015L 00019
 )
WAL-MART STORES, INC. )
    Defendant. )

### SUMMONS

Defendant:

WAL-MART STORES, INC.
c/o CT Corporation System, Registered Agent
208 So LaSalle St., Suite 814
Chicago, IL 60604

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

Witness_____, 20___

JAN 27 2015

(seal of Court)

Clerk of Court

Associate Circuit Clerk-Deputy

Plaintiff's Attorney: David W. Sullivan #6316435
Address: 511 Wabash Ave.
City/State/Zip: Terre Haute, IN 47807
Phone No.: (812) 232-6003

Fax No.: (812) 232-6567

Date of Service _____, 2015

**SHERIFF'S FEES**

Service and return.............................. $_____
Miles _____ $_____

Total.................................................... $_____

Sheriff of _____County

I certify that I service this summons on defendants as follows:

(a) -   (Individual defendants – personal):

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(b) – (Individual defendants – abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) – (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, office or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) – (Other service):

_____, Sheriff of _____ County
By_____, Deputy