IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  15-cv-3065 |
| | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, DeFranco & Bradley, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss plaintiff's Complaint on it fails to state a claims upon which relief may be granted.   In support of its motion, defendant states:

1.	Plaintiff alleges in her Complaint that she sustained injuries and damages when defendant's pharmacist misfilled her prescription.

2.	Plaintiff set forth purported claims of negligence in Count I, battery in Count II, and fraud in Count III.

3.	A motion to dismiss pursuant to Rule 12(b)(6) should be granted when the complaint fails to state sufficient factual allegations which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763-64 (7th Cir. 2010), quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); see also *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (factual allegations in complaint "must be enough to raise a right to relief above the speculative level"); *A.O. Smith Corp. v. Lewis, Overbeck &*

*Furman*, 979 F.2d 546, 549 (7th Cir. 1992) (dismissal is appropriate if there are no facts in well pleaded complaint which, if accepted as true, would support plaintiff's claim for recovery).

4. First, plaintiff's Complaint should be dismissed in its entirety because plaintiff's claims amount to health care malpractice and plaintiff failed to file the necessary supporting affidavits to state her claims.

5. Section 2-622 of the Illinois Code of Civil Procedure requires the filing of a physician's medical report and an attorney's affidavit establishing that "there is a reasonable and meritorious cause for the filing" of the malpractice action. 735 ILCS 5/2-622(a). The section applies to "medical, hospital, or other healing art malpractice." *Id.*

6. An action involving the filling of prescriptions is an action for health care malpractice under Section 2-622 because it involves the judgment of a healthcare provider. See *Lyon by Lyon v. Hasbro Industries, Inc.,* 156 Ill.App.3d 649, 509 N.E.2d 702 (4th Dist. 1987) (action against ambulance service for failure to provide certain medical equipment with ambulances is a malpractice action under Section 2-622 involving the judgment of a healthcare provider); see also *In re Yasmin and Yaz*, 2010 WL 4904488 at 3 (S.D. IL 2010) (holding that the certification requirements of the Healing Arts Malpractice Act "include tortuous claims directed against a pharmacist which call into question the pharmacist's professional judgment"). The Illinois legislature defines a pharmacist as "an individual **health care professional** and provider currently licensed ...to engage in the practice of pharmacy." 225 ILCS 85/3(k-5). The practice of pharmacy "means the provision of pharmaceutical care to patients as determined by the pharmacist's **professional judgment**." 225 ILCS 85/3(d).

7. The requirement to file the necessary report and affidavit in support of a healthcare malpractice claim applies to intentional tort claims, such as the battery and fraud claims set forth in Counts II and III of plaintiff's Complaint, in addition to negligence claims. See *McDonald v. Lipov*, 2014 IL App (2d) 130401, 13 N.E.3d 179, 189 (2d Dist. 2014) (holding that section 2-622 affidavit of merit requirement applies to intentional tort claims, such as medical battery, in addition to negligence claims).

8. Second, plaintiff failed to set forth sufficient factual allegations to establish her claims for battery and fraud in Counts II and III of the Complaint.

9. In Count II, plaintiff failed to state a claim against defendant for battery because plaintiff did not allege a harmful or offensive touching of plaintiff by defendant. See *McDonald*, 2014 IL App (2d) 130401, 13 N.E.3d at 189 (explaining that, even for purported medical battery, claim requires allegation and proof of "unauthorized touching of the person of another").

10. Further, for plaintiff's intentional tort claims in Counts II and III, plaintiff failed to allege any facts to establish that defendant's pharmacist was acting within the course and scope of her employment at the time of the purported intentional torts. Under Illinois law, an employer can only be held vicariously liable for the "torts of an employee . . . that are committed within the scope of the employment." *Bagent v. Blessing Care Corp.*, 224 Ill.2d 154, 163-164, 862 N.E.2d 985, 991 (2007).

11. Defendant incorporates the facts and legal arguments set forth in its supporting memorandum of law.

WHEREFORE, defendant Wal-Mart Stores, Inc. requests that this Court dismiss plaintiff's Complaint and for all other relief the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS DIRECTED AGAINST IT WHICH ARE NOT DISMISSED BY THE COURT.**

                DeFRANCO & BRADLEY, P.C.

           By s/James E. DeFranco
                James E. DeFranco, #6181134
                Darrell J. Flesner, #6296382
                141 Market Place, Suite 104
                Fairview Heights, IL 62208
                (618) 628-2000
                (618) 628-2007 Fax
                ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-cv-3065 |
| | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2015, I electronically filed **defendant's Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

David W. Sullivan            dsullivan@coxlaw.net

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Darrell J. Flesner, #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT