IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| Plaintiff, | ) |
| vs. | ) No.  15-cv-3065 |
| WAL-MART STORES, INC. | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff alleges in her Complaint that she sustained injuries and damages when defendant's pharmacist misfilled her prescription. Plaintiff's claims amount to claims of healthcare malpractice and should be dismissed because plaintiff failed to file the supporting affidavits required for healthcare malpractice claims in Illinois. Moreover, Counts II and III of plaintiff's Complaint set forth intentional tort claims against defendant for the alleged intentional battery and fraud of its pharmacist without factual allegations to establish that defendant's pharmacists acted within the course and scope of her employment. Counts II and III, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTS

Plaintiff alleges in her Complaint that she was prescribed 5 mg of Hydrocort and that she went to defendant's store to have the prescription filled on January 28, 2013. (Complaint at ¶ 5). Plaintiff claims that defendant's pharmacist dispensed 20 mg of Hydrocort rather than the 5 mg of Hydrocort prescribed (Complaint at ¶ 6). Plaintiff alleges that she then began having "various abnormal health issues" (Complaint at ¶ 8).

Plaintiff claims she returned to defendant's pharmacy on February 18, 2013, advised defendant's pharmacist of the "various health issues," and "noted" that the Hydrocort pills dispensed were larger than the pills previously dispensed (Complaint at ¶¶ 9-10). Plaintiff alleges that defendant's pharmacist advised that the pills were the proper dosage but were larger because they were produced by a different manufacturer. (Complaint at ¶ 11). Plaintiff further alleges that defendant's pharmacist then provided plaintiff with her "'old' smaller Hydrocort pills" (Complaint at ¶ 12). Plaintiff claims that after February 18 she began having "another bout of health issues" (Complaint at ¶ 13).

In Count I, plaintiff attempted to set forth a claim for negligence, alleging that defendant's pharmacist negligently misfilled plaintiff's prescription and failed to notify or warn plaintiff of the misfill. In Count II, plaintiff attempted to set forth a claim for battery

## **ARGUMENT**

### I. **PLAINTIFF'S CLAIMS AGAINST DEFENDANT ARE A HEALTH CARE MALPRACTICE ACTION.**

The Court should dismiss plaintiff's complaint because plaintiff failed to comply with Section 2-622 of the Code of Civil Procedure. Section 2-622 requires the filing of a physician's medical report and an attorney's affidavit establishing that "there is a reasonable and meritorious cause for the filing" of the malpractice action. 735 ILCS 5/2-622(a). The section applies to "medical, hospital, or other healing art malpractice." *Id.*

An action involving the filling of prescriptions is an action for health care malpractice under Section 2-622. When the judgment of a healthcare provider is at issue, the action is a medical malpractice action. *Lyon by Lyon v. Hasbro Industries, Inc.,* 156 Ill.App.3d 649, 509 N.E.2d 702 (4th Dist. 1987) (action against ambulance service for failure to provide certain medical

equipment with ambulances is a malpractice action under Section 2-622). The court must construe the phrase "medical, hospital, or other healing art malpractice" broadly. *Bernier v. Burris,* 113 Ill. 2d 219, 497 N.E.2d 763 (1986).

The Illinois legislature defines a pharmacist as "an individual **health care professional** and provider currently licensed ...to engage in the practice of pharmacy." 225 ILCS 85/3(k-5).   The practice of pharmacy "means the provision of pharmaceutical care to patients as determined by the pharmacist's **professional judgment**." 225 ILCS 85/3(d).

Plaintiff's failure to comply with Illinois statute by filing the complaint without attaching an affidavit from a knowledgeable healthcare professional attesting that there was a reasonable and meritorious cause for filing healing art malpractice claim requires dismissal. 735 ILCS 5/2-622(g); *see also Estate of Cassara v. State of Illinois,* 853 F. Supp. 273, 281 (N.D. Ill. 1994); see also *In re Yasmin and Yaz*, 2010 WL 4904488 at 3 (S.D. IL 2010) (holding that the certification requirements of the Healing Arts Malpractice Act "include tortuous claims directed against a pharmacist which call into question the pharmacist's professional judgment").

The purpose of the reforms passed by the legislature with regard to malpractice cases was to eliminate frivolous claims against health care practitioners. *Woodard v. Krans*, 234 Ill.App.35 690, 700-701, 600 N.E.2d 477 (2nd Dist. 1992); *Lyon,* 509 N.E.2d 702 (a purpose of this section to "eliminate lawsuit at the pleading stage.") To eliminate such claims, the legislature determined that an attorney should not file an action against a health care provider until the attorney had consulted with an appropriate specialist to determine if reasonable cause existed to believe that malpractice had occurred, and more particularly, to eliminate the practice of filing claims first and determining the merits of those claims later.

Moreover, plaintiff failed to attach an affidavit establishing that any supposed pharmacy malpractice proximately caused her alleged permanent medical problems. In a malpractice action, the causal connection between the alleged malpractice and the claimed damages must not be contingent, speculative, or merely possible, but there must be such a degree of probability as to amount to a reasonable certainty that a causal connection exists. *Harmon v. Patel*, 247 Ill. App. 3d 32, 37, 617 N.E.2d 183, 186 Ill. Dec. 944 (1st Dist. 1993) (citing *Borowski v. Von Solbrig*, 14 Ill. App. 3d 672, 680, 303 N.E.2d 146, 152 (1st Dist. 1973). Defendants should not be required to incur substantial expert costs to defend against a claim for supposed damage to plaintiff without a report from a physician stating that a reasonable and meritorious cause exists for the filing of the lawsuit, including an opinion that the alleged malpractice proximately caused her claimed medical problems.

The Court, therefore, should dismiss plaintiff's entire Complaint for failure to comply with section 2-622. See *McDonald v. Lipov*, 2014 IL App (2d) 130401, 13 N.E.3d 179, 189 (2d Dist. 2014) (holding that section 2-622 affidavit of merit requirement applies to intentional tort claims, such as medical battery, in addition to negligence claims).

**II.   PLAINTIFF FAILED TO ALLEGE A HARMFUL OR OFFENSIVE TOUCHING TO STATE A CLAIM FOR BATTERY.**

In Count II, plaintiff purported to state a claim for battery against defendant for the alleged misfilling of plaintiff's prescription. Plaintiff, however, failed to state a claim against defendant for battery because plaintiff did not allege a harmful or offensive touching of plaintiff by defendant. Rather, plaintiff alleged that defendant's pharmacist misfilled a prescription, dispensed it to plaintiff, and then plaintiff took the medication. Plaintiff's allegations do not establish that defendant's pharmacist ever touched plaintiff. See *McDonald*, 2014 IL App (2d) 130401, 13

N.E.3d at 189 (explaining that, even for purported medical battery, claim still requires allegation and proof of "unauthorized touching of the person of another"). Plaintiff's claim for battery should be dismissed pursuant to Rule 12(b)(6) for failure to set forth allegations that defendant's pharmacist actually touched or contacted plaintiff's person.

### III. PLAINTIFF FAILED TO STATE CLAIMS FOR VICARIOUS LIABILITY FOR PHARMACIST'S ALLEGED BATTERY OR FRAUD.

In Counts II and III, plaintiff attempted to set forth intentional tort claims against defendant, namely battery and fraud, on the basis that defendant is vicariously liable for the acts of its pharmacist. Plaintiff, however, failed to allege any facts to establish that defendant's pharmacist was acting within the course and scope of her employment at the time of the purported intentional torts. Under Illinois law, an employer can only be held vicariously liable for the "torts of an employee . . . that are committed within the scope of the employment." *Bagent v. Blessing Care Corp.,* 224 Ill.2d 154, 163-164, 862 N.E.2d 985, 991 (2007). Plaintiff's intentional tort claims in Counts II and III should be dismissed pursuant to Rule 12(b)(6).

### CONCLUSION

For the foregoing reasons, plaintiff's Complaint against defendant should be dismissed.

DeFRANCO & BRADLEY, P.C.

By s/James E. DeFranco
James E. DeFranco, #6181134
Darrell J. Flesner, #6296382
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ANNETTE FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-cv-3065 |
| | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2015, I electronically filed **defendant's Memorandum in Support of defendant's Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

David W. Sullivan          dsullivan@coxlaw.net


DeFRANCO & BRADLEY, P.C.


By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Darrell J. Flesner, #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT

Case No. 15-cv-3065
Page 6 of 6